DAY R. WILLIAMS
ATTORNEY AT LAW
Nevada State Bar # 4418
1601 Fairview Dr. #C
Carson City, NV  89701-5860
day_williams@sbcglobal.net
Phone: 775/885-8398
Fax: 775/885-2134
Attorney for Plaintiff
Robin McGahuey

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| ROBIN McGAHUEY,<br>     Plaintiff,<br>v.<br><br>STATE OF NEVADA<br>ex rel. NEVADA DEPARTMENT OF<br>PUBLIC SAFETY, DIVISION OF PAROLE<br>AND PROBATION, DWIGHT GOVER,<br>TODD HARTLINE, NATALIE WOODS,<br>and JEROME TUSHBANT,<br>     Defendants.<br>_____/ | Case No.<br>**COMPLAINT**<br>**JURY DEMAND** |

Plaintiff ROBIN McGAHUEY, through counsel, alleges and complains as follows:

1.   Plaintiff Robin McGahuey sues for Defendants' failure to promote her due to age and sex discrimination.

2.   Plaintiff resides in Carson City, Nevada, which is in northern Nevada. She sues under federal and state law. Plaintiff is not a debtor in bankruptcy.

3.   The wrongful acts took place in northern Nevada. Defendants committed torts and violated state and federal law in the State of Nevada.

4.   Defendant STATE OF NEVADA ex rel. NEVADA DEPARTMENT OF PUBLIC SAFETY, DIVISION OF PAROLE AND PROBATION (PNP) is a governmental entity.

5.   DWIGHT GOVER, TODD HARTLINE, NATALIE WOODS, JEROME TUSHBANT were each involved in the intentional discrimination against Plaintiff. Each is sued

DAY R. WILLIAMS
ATTORNEY AT LAW
1601 FAIRVIEW DR. #C
CARSON CITY, NV
89701-5860
775\885-8398

1

in his or her individual and official capacities.

6. This Complaint is brought under Title VII of the Civil Rights Act of 1964, as amended, and jurisdiction is based on 42 U.S.C. Section 2000e-5 and 28 U.S.C. Section 1331. This Complaint is also brought under Nevada state law.

7. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC). More than 180 days have elapsed since Plaintiff timely filed the charge of discrimination with the EEOC.

8. This Court has original jurisdiction under 28 U.S.C. § 1331, which provides as follows: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." The Court has supplemental jurisdiction over the related state law claims under 28 U.S. Code § 1367(a).

9. Venue is proper under 28 U.S.C. § 1391 in that the parties reside or do business in the Northern District of Nevada, and the action arises in the Northern District of Nevada.

10. Plaintiff demands a trial by jury on all issues so triable.

## CORE FACTS

11. The primary mission of the Department of Public Safety Division of Parole and Probation (Division) is to protect the community and to reduce crime. The Division accomplishes its mission through two distinct strategies: (1) Traditional law enforcement, such as sanctioning offender noncompliance and misconduct, search and surveillance, and arrest; and (2) community correctional services, such as drug testing and counseling, mental health services, employment and educational placement, and encouraging and supporting the offender's positive efforts to become a productive, law-abiding citizen. The Division is also sensitive to and supportive of victim's rights.

12. The Division's offender population ranges from those who pose little or no risk to the community to those who pose a significant risk to the safety of our community. The Division's offender population includes individuals convicted of murder, violent offenses, kidnaping, crimes

DAY R. WILLIAMS
ATTORNEY AT LAW
1601 FAIRVIEW DR. #C
CARSON CITY, NV
89701-5860
775\885-8398

2

against a child, sex offenses, street gang activities and significant financial offenses. At any given time, the Division supervises approximately 19,000 offenders state-wide.

13. In June 2015, Parole & Probation (PNP) advertised for a position as sergeant.

14. Plaintiff and Robert Haigney applied for the position.

15. An applicant interviewing for the position at PNP headquarters (HQ) was required to have experience in "offender management and services provided through community supervision and correctional programs." The experience had to be detailed on an assessment form provided to PNP HQ. This requires the person to have supervised a caseload of probationers and parolees, in person, in the field to include making the decisions about arrest, intermediate sanctions, and community programs (such as inpatient programs for substances abuse) for some period of time.

16. Robert Haigney did not meet the requirement of experience in "offender management and services provided through community supervision and correctional programs." He had not attended the "Agency Specifics" Training, which is about a month long in the office and in which the officer is trained in various disciplines. In addition, the officer will have four months of field training with a field training officer.

17. Robert Haigney had no prior experience with probationers and parolees.

18. Robert Haigney lacked the posted qualifications for the position. Defendant promoted Robert Haigney, a male in his early 40s, to sergeant, although he lacked the posted qualifications for the position.

19. Plaintiff, who has a B.A. in Criminal Justice, is retired from the Army. She has 14 years of investigative experience at the state and federal level, and she has 20 years with the Division. She has worked every type of caseload from general to specialty courts and sex offender caseloads. Plaintiff has written Pre-Sentence Investigations (reports prepared for the judges which are used during sentencing). As acting sergeant before and after her tenure as an acting sergeant, Plaintiff reviewed and approved the Pre-Sentence reports and all of the varied reports that officers generate for the courts, and she provided guidance for officers on incidents in the field.

DAY R. WILLIAMS
ATTORNEY AT LAW
1601 FAIRVIEW DR. #C
CARSON CITY, NV
89701-5860
775\885-8398

3

20. Plaintiff is a Field Training Officer (she trains new officers), a Defensive Tactics Officer and a Master Taser Instructor (she certifies Taser instructors so they can certify line officers). While assigned to headquarters, Plaintiff was in charge of the Pre-release Unit (civilian women who coordinate with the prison to get proposed residences for the inmates).

21. Plaintiff also was in charge of the other units at the headquarters when the other two sergeants were gone. She has been in charge of the officer training files, responsible for the equipment inventories for the command (such as radios and Tasers), representing the division before the Parole Board, safety officers, and others.

22. Plaintiff is also one of four officers or sergeants who respond to notifications of stops on the offenders after hours. These officers or sergeants must determine whether to have the officer doing the stop take the offender to jail on a no bail hold, called a DONS hit, or not.

23. Plaintiff, a female in her early 60s, was the best-qualified of all the applicants. She applied for the position but was not promoted. She was substantially more qualified for the position than Robert Haigney.

24. Plaintiff was older than Robert Haigney. The age difference between the two applicants was more than 10 years.

25. Plaintiff is a female. Robert Haigney, the unqualified person who was promoted, is a male.

## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED
## (SEX DISCRIMINATION)

26. Plaintiff realleges and incorporates the preceding allegations of this Complaint.

27. Title VII of the Civil Rights Act of 1964, as Amended, prohibits discrimination in employment on the basis of sex, among other things. 42 U.S.C. § 2000e-2(a) provides as follows:

////

////

////

DAY R. WILLIAMS
ATTORNEY AT LAW
1601 FAIRVIEW DR. #C
CARSON CITY, NV
89701-5860
775\885-8398

4

> It shall be an unlawful employment practice for an employer—
> (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's ... sex ....; or
>
> (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's ... sex ....

28. By promoting an unqualified male instead of a qualified female, Defendants intentionally discriminated in employment on the basis of sex.

29. Defendants DWIGHT GOVER, TODD HARTLINE, NATALIE WOODS, and JEROME TUSHBANT engaged in a discriminatory practice with malice or with reckless indifference to Plaintiff's federally protected rights.

30. As a proximate cause thereof, Plaintiff has suffered damages, and Plaintiff is entitled to punitive damages under 42 U.S.C. § 1981a against the individual defendants.

**VIOLATION OF NRS 613.330 (SEX AND AGE DISCRIMINATION)**

31. Plaintiff realleges and incorporates the preceding allegations of this Complaint.

32. NRS 613.330 provides that it is an unlawful employment practice for an employer:

> (a) To fail or refuse to hire or to discharge any person, or otherwise to discriminate against any person with respect to the person's compensation, terms, conditions or privileges of employment, because of ... her ... sex ... age ... or
> (b) To limit, segregate or classify an employee in a way which would deprive or tend to deprive the employee of employment opportunities or otherwise adversely affect ... her status as an employee, because of ... her race ... sex ... age ...."

33. Plaintiff was a member of a protected class; (2) she was qualified for the promotion; (3) she satisfied the requirements for the position; (4) she was not promoted; and (5) the employer promoted an unqualified person to do the same work.

34. By promoting an unqualified male instead of a qualified female, Defendants discriminated in employment on the basis of sex.

DAY R. WILLIAMS
ATTORNEY AT LAW
1601 FAIRVIEW DR. #C
CARSON CITY, NV
89701-5860
775\885-8398

5

35. By promoted an unqualified younger individual instead of a qualified person over 40 years old, Defendants discriminated in employment on the basis of age.

36. Defendants DWIGHT GOVER, TODD HARTLINE, NATALIE WOODS, and JEROME TUSHBANT engaged in a discriminatory practice with malice or with reckless indifference to Plaintiff's rights under Nevada law.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff Robin McGahuey requests the following relief: Full compensation in terms of back pay, front pay, plus attorneys' fees, costs, pre-judgment interest, punitive damages, and such other relief as is proper.

DATED this 6th day of December, 2016.

*Day Williams*
DAY R. WILLIAMS
Attorney at Law
Attorney for Plaintiff
Robin McGahuey

DAY R. WILLIAMS
ATTORNEY AT LAW
1601 FAIRVIEW DR. #C
CARSON CITY, NV
89701-5860
775\885-8398

6